IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LEE VANCE THOMAS, #11371-042                                                    PETITIONER

VERSUS                                                          CIVIL ACTION NO. 5:06cv24DCB-JCS

UNITED STATES OF AMERICA                                                       RESPONDENT

### ORDER TRANSFERRING CAUSE TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA

This cause, filed by federal inmate Thomas pursuant to 28 U.S.C. § 2241, was transferred to this Court from the United States District Court for the Middle District of Alabama on February 22, 2006. Petitioner failed to pay the filing fee or submit a completed application to proceed *in forma pauperis*. On March 9, 2006, this Court entered an order directing the petitioner to pay the filing fee or file a completed *in forma pauperis* application, within twenty days. Also on March 9, 2006, the petitioner filed a change of address, which stated that he is no longer incarcerated at the Federal Correctional Institute in Yazoo City, Mississippi, because he is now incarcerated at the Federal Correctional Institute in Marianna, Florida.

On March 21, 2006, the petitioner filed a document entitled "notice" in which petitioner stated that he has been transferred for the "RDAP program." Petitioner also stated that he was previously granted *in forma pauperis* status by the Middle District of Alabama. Upon review of the petitioner's response and attached documents, this Court determined that petitioner was previously granted *in forma pauperis* status by the Middle District of Alabama, but not in the case that was transferred to this Court. In addition, it appeared to

the Court from the documentation submitted that petitioner's request for relief may have been granted. As such, an order was entered on May 5, 2006, directing petitioner to comply with the Court's previous order regarding the filing fee for this cause and the petitioner was directed to file a written response stating that he wished to continue with this case or voluntarily dismiss this case. On May 15, 2006, the petitioner filed his written response stating that he wishes to proceed with this case. On May 16, 2006, the Court received payment of the filing fee for this cause.

## Discussion

A petition filed pursuant to 28 U.S.C. § 2241 must be filed in the district where the prisoner is incarcerated. Hooker v. Sivley, et al., 187 F.3d 680, 682 (5th Cir.1999)("As Hooker is incarcerated in Talladega, Alabama, only the district court for the Northern District of Alabama would have jurisdiction to entertain his § 2241 petition. *See* 28 U.S.C. § 81(a)(4)" ); United States v. Weathersby, 958 F.2d 65, 66 (5th Cir.1992). "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Rumsfeld v. Padilla, 124 S.Ct. 2711, 2724 (2004); see also Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001)("[T]he district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition"). As stated above, the petitioner is currently incarcerated in the Federal Correctional Institute in Marianna, Florida. This correctional facility is located within the jurisdiction of the United States District Court for the Northern District of Florida. As such, in the exercise of this Court's discretion and in the furtherance of justice, this petition for habeas relief pursuant to 28 U.S.C. § 2241 will be transferred to the United States District Court for the Northern District of

Florida.  See 28 U.S.C. § 1631.  It is, therefore,

ORDERED that this petition for habeas relief pursuant to 28 U.S.C. § 2241 be transferred to the United States District Court for the Northern District of Florida, and that the petition shall be received in accordance with the orders and Local Rules of that Court and any applicable statute or law.

SO ORDERED, this the 22nd day of May, 2006.


                                              S/DAVID BRAMLETTE
                                              UNITED STATES DISTRICT JUDGE